# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| EMANUEL GUYTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV408-171 |
| | ) |
| JUDGE: DAVID CAVENDER, | ) |
| DISTRICT ATTORNEY: TOM | ) |
| DURDEN, LIBERTY COUNTY, | ) |
| HINESVILLE GEORGIA, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Complaining that in state court he was wrongfully prosecuted and convicted as a recidivist,[1] inmate-plaintiff Emanuel Guyton brings this 42 U.S.C. § 1983 action against the prosecutor and judge in that case. Doc. 1 at 2, 3-4. He seeks "punitive damages for the injury of pain and suffering mental dissability [sic], mental stress mental anguish, from loss of freedom, loss of wages. I will never be able to regain this time I have lost away from my freedom and family." *Id.* at 4. This Court

---

[1] Georgia law authorizes prosecutors to seek recidivist punishment upon proper notice. *See, e.g., Daniels v. State,* 676 S.E.2d 13, 17 (Ga. Ct. App. 2009). Guyton contends that his prior criminal record did not support such treatment in his case. Doc. 1 at 3-4.

previously granted Guyton in forma pauperis status and he has since filed his relevant IFP forms. Docs. 8-10.

The right to proceed IFP in litigation in the federal district courts is governed by 28 U.S.C. § 1915. Litigants are not entitled as of right to proceed without the prepayment of a filing fee. IFP status, rather, is a privilege which may be denied when abused. The IFP statute therefore authorizes courts to dismiss cases sua sponte if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2). The power to sua sponte dismiss IFP cases "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Cofield v. Alabama Pub. Servs. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991); *see also* 28 U.S.C. § 1915A(b)(1)-(2).

In all cases, of course, substance must govern over nomenclature. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. . . . They may do so in order to avoid an unnecessary dismissal"); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 163-64 (1984). In substance, Guyton is seeking habeas relief, for his civil action, if successful, would necessarily result in a modification of his state court conviction and corresponding reduction of the sentence against him -- invalidating the recidivism enhancement as unconstitutional. Guyton advances no cognizable § 1983 claim but instead is asserting a 28 U.S.C. § 2254 federal habeas claim. In *Heck v. Humphrey*, 512 U.S. 477 (1994),

> the Court considered a different, but related, circumstance. A state prisoner brought a § 1983 action for damages, challenging the conduct of state officials who, the prisoner claimed, had unconstitutionally caused his conviction by improperly investigating his crime and destroying evidence. 512 U.S., at 479, 114 S.Ct. 2364. The Court pointed to "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.*, at 486, 114 S.Ct. 2364. And it held that where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction," *id.*, at 481-482, 114 S.Ct. 2364, a § 1983 action will not lie "unless ... the conviction or sentence has already been invalidated," *id.*, at

3

487, 114 S.Ct. 2364. The Court then added that, where the § 1983 action, "even if successful, will not demonstrate the invalidity of any outstanding criminal judgment ..., the action should be allowed to proceed." *Ibid.* (footnote omitted).

*Wilkinson v. Dotson*, 544 U.S. 74, 80 (2005). Here Guyton does not allege that his conviction has been invalidated, only that he believes it to be flawed and thus seeks money damages for his loss of freedom. Doc. 1 at 3, 4. He is thus attacking the legality of his custody, so his claims provide no basis for relief at this time. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (when a prisoner challenges the fact or duration of his confinement, "his sole federal remedy is a writ of habeas corpus.").

The Court therefore should summarily **DISMISS** his complaint, under 28 U.S.C. § 1915(e)(2)(B)(ii), **WITHOUT PREJUDICE** to refile it after he has invalidated his conviction.

**SO REPORTED AND RECOMMENDED** this  10th   day of June, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**